David M. BROWN, Plaintiff–Appellant,

v.

TALLAHASSEE POLICE DEPART-
MENT, Officer 1, Headquarters Talla-
hassee FL, Officer 2, Headquarters
Tallahassee FL, Officer 3, Headquar-
ters Tallahassee FL, Officer 4, Head-
quarters Tallahassee FL, et al., Defen-
dants–Appellees.

No. 06–13131
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 15, 2006.

David M. Brown, Tallahassee, FL, pro
se.

Before DUBINA, CARNES and
BARKETT, Circuit Judges.

PER CURIAM:

David Brown, a *pro se* non-prisoner, ap-
peals the dismissal without prejudice of his
42 U.S.C. § 1983 civil complaint for failing
to file an amended complaint as ordered,
name individual defendants, state specific
claims for relief, and set forth factual alle-
gations in separate, numbered paragraphs.
On appeal, Brown argues that the district
court erred in dismissing his complaint and
denied him "due and substantial process"
because of his status as a *pro se* litigant
proceeding *in forma pauperis.*

"*Pro se* pleadings are held to a less
stringent standard than pleadings drafted
by attorneys and will, therefore, be liberal-
ly construed." *Tannenbaum v. United
States,* 148 F.3d 1262, 1263 (11th Cir.1998)
(citation omitted). The district court's
"power to dismiss is an inherent aspect of
its authority to enforce its orders and en-
sure prompt disposition of lawsuits."
*Jones v. Graham,* 709 F.2d 1457, 1458
(11th Cir.1983) (citation omitted). The
court may dismiss an action *sua sponte*
under Rule 41(b) for failure to prosecute
or failure to obey a court order. Fed.
R.Civ.P. 41(b); *Lopez v. Aransas County
Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th
Cir.1978). When a dismissal is without
prejudice and plaintiff elects not to amend,
for the purposes of appeal the order is a
Fed.R.Civ.P. 41(b) adjudication on the
merits. *Robinson v. Fed. Nat'l Mortgage
Ass'n,* 673 F.2d 1247, 1249 (11th Cir.1982).
We review a Rule 41(b) dismissal without
prejudice for abuse of discretion. *Gratton
v. Great Am. Communs.,* 178 F.3d 1373,
1374 (11th Cir.1999). Dismissal pursuant
to Rule 41(b) "upon disregard of an order,
especially where the litigant has been fore-
warned, generally is not an abuse of dis-
cretion." *Moon v. Newsome,* 863 F.2d 835,
837 (11th Cir.1989).

Upon review of the record and upon
consideration of Brown's brief, we discern
no reversible error. In this case, Brown
was informed that failure to comply with
the court's order could result in dismissal.
The record indicates that Brown was giv-
en two opportunities to amend his com-
plaint according to the court's specific in-
structions, and that he failed to do so.
Brown failed to name individual defen-
dants and failed to articulate specific
claims against those defendants. Brown
also failed to present his factual allega-
tions in separate, numbered paragraphs
and included numerous statements unre-
lated to the incident underlying his cause
of action. Accordingly, because the dis-

trict court dismissed Brown's complaint without prejudice, the district court did not abuse its discretion. Brown's remaining arguments are without merit.

**AFFIRMED.**